UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY H. BAPTISTE,

                                    Plaintiff,

        v.                                                          9:23-CV-0665
                                                                    (BKS/TWD)

JOHN DOE, Dentist and JOHN DOE, Main Officer,

                                    Defendants.
_____

APPEARANCES:

ANTHONY H. BAPTISTE
Plaintiff, pro se
18-A-0067
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

BRENDA K. SANNES
Chief United States District Judge

**DECISION AND ORDER**

**I.      INTRODUCTION**

        On June 5, 2023, pro se plaintiff Anthony H. Baptiste ("plaintiff") commenced this

action pursuant to 42 U.S.C. § 1983 asserting claims arising out of his confinement in the

custody of the New York State Department of Corrections and Community Supervision

("DOCCS").  Dkt. No. 1 ("Compl."). Plaintiff, who is presently confined at Green Haven

Correctional Facility ("Greene Haven C.F."), paid the full statutory filing fee.

**II.     SUFFICIENCY OF THE COMPLAINT**

        **A.      Governing Legal Standard**

1

Under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."[1]  28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure.  Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable."  *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court should construe

---

[1]  To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Twombly*, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)).  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

### B. Summary of the Complaint

This is the second lawsuit plaintiff has filed related to his confinement at Downstate Correctional Facility ("Downstate C.F.") and Clinton Correctional Facility ("Clinton C.F.") and his dental treatment. *See generally* Compl.

On January 24, 2018, plaintiff submitted a request for dental treatment.  Compl. at 2. Defendant Dentist John Doe ("Dentist Doe") examined plaintiff's teeth and ordered x-rays. *Id*. at 2-3.  Dentist Doe did not "inform" plaintiff that his symptoms; i.e. bleeding gums and sensitivity, "are signs" of progressive periodontitis. *Id*. at 3.  Dentist Doe explained that Downstate C.F. was a "holding facility" and therefore, plaintiff would receive proper dental care when he was assigned to a permanent facility. *Id*.

In March 2018, plaintiff was transferred to Clinton Correctional Facility ("Clinton C.F."). Compl. at 9.  On November 30, 2018, plaintiff was scheduled to be seen by a dental hygienist. *Id*. at 4.  However, that morning, defendant Main Officer John Doe announced that all dental "callouts" were canceled. *Id.*  When plaintiff asked why, Doe responded, "because

3

I said so." *Id*.

Construed liberally[2], the complaint contains Eighth Amendment deliberate medical indifference claims and state law claims against Dentist John Doe and Main Officer John Doe.  *See generally* Compl.  Plaintiff seeks monetary damages.  *See* Compl. at 7.  For a complete statement of plaintiff's claims and the facts he relies on in support of those claims, reference is made to the complaint.

### C.  Nature of Action

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), which establishes a cause of action for "'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990)); *see also Myers v. Wollowitz*, No. 95-CV-0272, 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (McAvoy, C.J.) (finding that "[Section] 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights").  "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere."  *Sykes v. James,* 13 F.3d 515, 519 (2d Cir. 1993).

## III.   ANALYSIS

### A.  Res Judicata

In December 2022, plaintiff commenced *Baptiste v. New York State Department of*

---

[2]  The Court is mindful of the Second Circuit's instruction that a pleading by a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that it suggests.  *See, e.g., Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) ("On occasions too numerous to count, we have reminded district courts" that a pro se plaintiff's pleadings must be construed liberally); *Phillips v. Girdich*, 408 F.3d 124, 130 (2d Cir. 2005) ("We leave it for the district court to determine what other claims, if any, [plaintiff] has raised. In so doing, the court's imagination should be limited only by [plaintiff's] factual allegations, not by the legal claims set out in his pleadings."); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) ("[W]e read [a pro se litigant's] supporting papers liberally, and will interpret them to raise the strongest arguments that they suggest.").

*Corrections and Community Supervision, et al.*, No. 9:22-CV-1326 (BKS/TWD) ("*Baptiste I*")

with the filing of a civil rights complaint in this district asserting claims arising out of his

confinement at Downstate C.F. and Clinton C.F. in 2018.  *See Baptiste I*, Dkt. No. 1.  The

complaint set forth the same facts, theories, and grounds for relief as the complaint before

this Court.  *Compare Baptiste I*, Dkt. No. 1 *with* Compl.  In both complaints, plaintiff named

Dentist Doe and Main Officer Doe as defendants.  *See id.*

In a Decision and Order filed February 23, 2023 (the "February Order"), following an

initial review of the complaint in *Baptiste I*, this Court concluded that the allegations were not

sufficient to state a claim for the violation of plaintiff's constitutional rights.  *See Baptiste I*,

Dkt. No. 7.  Plaintiff was afforded an opportunity to file an amended complaint.  *See id.*

In March 2023, plaintiff filed an amended complaint.  *See Baptiste I*, Dkt. No. 8.

Plaintiff identified Dentist John Doe, Dental Assistant L. Jerdo, and Main Officer John Doe as

defendants.  *Id.*  In a Decision and Order filed on April 10, 2023 (the "April Order"), this Court

concluded that the amended complaint was subject to dismissal for failure to state a claim

upon which relief may be granted.  *See id.*, Dkt. No. 9.  On April 10, 2023, judgment was

entered.  *See id.*, Dkt. No. 10.

The doctrine of res judicata precludes subsequent litigation where "(1) the previous

action involved an adjudication on the merits; (2) the previous action involved the [parties] or

those in privity with then; [and] (3) the claims asserted in the subsequent action were, or

could have been, raised in the prior action."  *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001)

(citations omitted).  "As the sufficiency of a complaint to state a claim on which relief may be

granted is a question of law, [. . .] the dismissal for failure to state a claim is a final judgment

on the merits and thus has res judicata effects[.]" *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009) (internal citations and citations omitted); *Geer v. Tabinsky*, No. 14-CV-6672, 2015 WL 4042168, at *2 (E.D.N.Y. July 1, 2015) (holding that, "a dismissal pursuant to § 1915, although not technically a dismissal on the merits, can have a res judicata effect on frivolousness determinations when both the first and second complaint are brought pro se") (internal quotation marks omitted).  "[A] district court may raise a res judicata issue sua sponte[.]" *Corley v. Farrell*, 833 Fed. App'x 908, 909 (2d Cir. 2021) (citations omitted).

After carefully comparing the matter at hand to *Baptiste I*, aside from immaterial deviations, the factual allegations in the complaint in this action are the same as the pleadings filed in *Baptiste I*.  It is also readily apparent that the causes of action, requests for relief, the issues, facts to be determined, and the witnesses and evidence required are exactly the same.  Because this Court has already determined the sufficiency of plaintiff's claims in *Baptiste I* under 28 U.S.C. § 1915A, those same claims in this action are barred by res judicata.  *See Baker v. Supreme Court for New York,* No. , 2013 WL 372005, at *2 (E.D.N.Y. Jan. 29, 2013) (dismissing the complaint pursuant to section 1915A on the basis of res judicata); *see also Arzaga v. Santiago*, No. 2:18-CV-0313, 2022 WL 1271488, at *4, n.5 (E.D. Cal. Apr. 28, 2022)  (reasoning that, "[a]lthough the dismissal of plaintiff's prior case was at the screening stage under 28 U.S.C. § 1915A, it nonetheless operates as an adjudication on the merits because a [d]ismissal for failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)") (internal quotation marks and citations omitted),

6

report and recommendation adopted, 2022 WL 4367464 (E.D. Cal. Sept. 21, 2022), *appeal*

*dismissed*, No. 22-16548, 2023 WL 2810297 (9th Cir. Feb. 21, 2023); *see Clark v. Cobb*

*Cnty., City of Marietta*, No. 1:21-CV-5078, 2022 WL 4128764, at *2 (N.D. Ga. Mar. 30, 2022)

(applying res judicata to preclude a plaintiff from raising claims previously dismissed as

frivolous under 28 U.S.C. § 1915A), *report and recommendation adopted sub nom. Clark v.*

*Cobb Cnty.*, 2022 WL 3444072 (N.D. Ga. Aug. 16, 2022).

### B. Failure to State a Claim

Even assuming the doctrine of res judicata did not bar the action, plaintiff's complaint

is nonetheless subject to dismissal for failure to state a claim.  The law related to Eighth

Amendment deliberate medical indifference claims was discussed in the February Order in

*Baptiste I*:

> Claims that prison officials have intentionally disregarded an
> inmate's medical needs fall under the umbrella of protection
> from the imposition of cruel and unusual punishment afforded
> by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 102,
> 104 (1976). The Eighth Amendment prohibits punishment that
> involves the "unnecessary and wanton infliction of pain" and is
> incompatible with "the evolving standards of decency that mark
> the progress of a maturing society." *Id.*; *see also Whitley v.*
> *Albers*, 475 U.S. 312, 319 (1986). While the Eighth Amendment
> does not mandate comfortable prisons, neither does it tolerate
> inhumane treatment of those in confinement. *Farmer v.*
> *Brennan*, 511 U.S. 825, 832 (1994) (citing *Rhodes v. Chapman*,
> 452 U.S. 337, 349 (1981)).
>
> "In order to establish an Eighth Amendment claim arising out of
> inadequate medical care, a prisoner must prove 'deliberate
> indifference to [his] serious medical needs.' " *Chance v.*
> *Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Estelle*,
> 429 U.S. at 104). "First, the alleged deprivation must be, in
> objective terms, sufficiently serious." *Id.* (internal quotation
> marks and citations omitted). Addressing the objective element,
> to prevail a plaintiff must demonstrate a violation sufficiently

> serious by objective terms, "in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). "Second, the defendant must act with a sufficiently culpable state of mind," C*hance*, 143 F.3d at 702 (internal quotation marks and citations omitted); that is, the plaintiff must demonstrate that the defendant "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837; *see also Blyden v. Mancusi*, 186 F.3d 252, 262 (2d Cir. 1999) (With respect to the subjective element, a plaintiff must also demonstrate that defendant had "the necessary level of culpability, shown by actions characterized by 'wantonness.' ").

Dkt. No. 7 at 7-8.  With respect to Dentist Doe, this Court noted that plaintiff was provided with an opportunity to explain his dental concerns to Dentist Doe and Dentist Doe ordered x-rays. *Id.* at 8.  Thus, this Court dismissed the Eighth Amendment claims for failure to allege any facts suggesting culpable intent.  *Id*.

In the April Order filed in *Baptiste I*, this Court noted that while plaintiff had an opportunity to amend his complaint, the amended pleading failed to remedy the deficiencies in the claim against Dentist Doe.  *See Baptiste I*, Dkt. No. 9 at 3.

With respect to Main Officer Doe, the Court noted that, "[n]on-medical personnel may be held liable for deliberate indifference to medical needs where a plaintiff demonstrates that the prison personnel intentionally denied or delayed access to medical care or intentionally interfered with medical treatment once it was prescribed."  Dkt. No. 9 at 5 (citations omitted). With that in mind, this Court dismissed the claims against Main Officer Doe concluding:

> plaintiff has failed to plausibly plead that Officer Doe was deliberately indifferent to his serious mental health needs.  The amended complaint lacks facts suggesting that Officer Doe acted with a culpable state of mind or that he knew that plaintiff suffered from a serious medical condition. While plaintiff claims that Officer Doe "announced" the cancellation, plaintiff does not allege that he had any conversation with Officer Doe about the

8

> cancellation, that he told Officer Doe that he was in extreme
> pain, or that he requested medical treatment from Officer Doe.

Dkt. No. 9 at 4.

As discussed *supra,* the facts alleged in the action before this Court are identical to the facts alleged in *Baptiste I*. Accordingly, for the reasons set forth in the February Order and April Order in *Baptiste I*, the Eighth Amendment claims against defendants are dismissed pursuant to 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

### C. Dismissal Without Opportunity to Amend

Generally, when a district court dismisses a pro se action sua sponte, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend. Moreover, an opportunity to amend is not required where the defects in the plaintiff's claims are substantive rather than merely formal, such that any amendment would be futile.

As the Second Circuit has explained, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (citations omitted), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is

9

substantive; better pleading will not cure it.  Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied").

This rule applies even to pro se plaintiffs. *See, e.g., Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355 at *1.  Here, plaintiff was afforded a fair and reasonable opportunity to amend his complaint in *Baptiste I* to set forth cognizable claims.  Dismissal of this action is warranted because the complaint represents plaintiff's third unsuccessful attempt to articulate legally cognizable claims against defendants, a failure which is due to pleading deficiencies which are substantive, such that further amendment would be futile.  *See Cuoco*, 222 F.3d at 112.

## IV.    CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's Eighth Amendment claims against defendants are barred by res judicata and dismissed for failure to state a claim; and it is further

**ORDERED** that the complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk provide plaintiff with copies of the unpublished decisions cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam); and it is further

**ORDERED** that the Clerk enter judgment and close this case.

Dated: June 30, 2023

Brenda K. Sannes
Chief U.S. District Judge